UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STEVEN KAUFMAN,

    Plaintiff,

v.
                                  Case No.

MIAMI-DADE SHERIFF'S OFFICE;
MIAMI-DADE COUNTY, FLORIDA;
JUAN VILLALBA, an individual; and
RAUL JAIME NUNEZ, an individual,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Miami-Dade Sheriff's Office ("MDSO"), Miami-Dade County, Florida ("County"), Juan Villalba ("Villalba"), and Raul Jaime Nuñez ("Nuñez") (collectively, "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby remove this civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2025-025606-CA-01, and state as follows:

## I.    STATE COURT ACTION

1.    Plaintiff Steven Kaufman ("Plaintiff") initiated this action on December 31, 2025, by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2.     Plaintiff thereafter filed the operative First Amended Complaint and Demand for Jury Trial on January 9, 2026 (the "First Amended Complaint") in the action styled Steven Kaufman v. Miami-Dade Sheriff's Office, et al., Case No. 2025-025606-CA-01 (the "State Court Action"). A true and correct copy of the First Amended Complaint is attached as Exhibit A.

3.     This action is currently pending in state court and has not been tried or adjudicated on the merits. Defendants remove the State Court Action to this Court as a civil action over which this Court has original jurisdiction.

## II.     BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff expressly asserts a claim arising under the Constitution and laws of the United States.

5.     Specifically, Plaintiff pleads Count XI: "FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983) (Against Defendants Juan Villalba and Raul Jaime Nuñez)" (the "§ 1983 Claim"). The § 1983 Claim alleges retaliation for protected First Amendment activity and seeks relief under federal law.

6.     Because Plaintiff's § 1983 Claim arises under federal law on the face of the First Amended Complaint, this Action is removable under 28 U.S.C. § 1441(a).

2

## III.    SUPPLEMENTAL JURISDICTION OVER RELATED STATE AND LOCAL CLAIMS

7.      Plaintiff also asserts state and local law claims arising from the same alleged employment relationship and course of conduct, including claims under the Florida Civil Rights Act, Fla. Stat. §760.01 et seq, the Florida Whistleblower Act, Fla. Stat. §112.3187 et seq., the Miami-Dade County Employee Protection Ordinance, the Miami-Dade Code of Ordinances, and the Florida Public Records Act.

8.      This Court may exercise supplemental jurisdiction over Plaintiff's remaining state and local law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal § 1983 claim that they form part of the same case or controversy under Article III. Here, Plaintiff's claims all arise from the same alleged course of discrimination and retaliation during his employment with the MDSO and therefore fall within this Court's supplemental jurisdiction. (Am. Compl. ¶ 1).

9.      None of the circumstances identified in 28 U.S.C. § 1367(c) that would justify declining supplemental jurisdiction are present here. Plaintiff's state and local law claims do not raise novel or complex issues of state law, nor do they substantially predominate over the federal § 1983 claim. *See Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 744 (11th Cir. 2006) (state claims substantially predominate only

3

when the federal claim is merely an appendage to the state claims). To the contrary, Plaintiff's claims arise from the same alleged course of discrimination and retaliation by Defendants during Plaintiff's employment and rely on the same operative facts, witnesses, and evidence.

10.     Courts in this Circuit routinely exercise supplemental jurisdiction over such claims. *See, e.g., Luongo v. Indian River Cty. Sheriff's Dep't*, No. 18-14017-CIV, 2018 U.S. Dist. LEXIS 94466, at 8-10 (S.D. Fla. June 4, 2018) (denying motion to remand and exercising supplemental jurisdiction over related state law claims asserted alongside § 1983 claim); *Hopkins v. Am. Sec. Grp. A-1, Inc.,* No. 17-22447-CIV-MORE, 2017 U.S. Dist. LEXIS 157938, at 4-6 (S.D. Fla. Sep. 26, 2017) (exercising supplemental jurisdiction over state law claims for violations of the Florida Whistleblower Act asserted alongside federal claims arising from the same employment relationship) (citing cases); *Etienne v. Muvico Theaters, Inc.,* No. 01-6265-CIV., 2003 WL 21184268, at *3 (S.D. Fla. Mar. 11, 2003), *aff'd sub nom.* 90 F. App'x 383 (11th Cir. 2003) (applying federal subject matter jurisdiction over plaintiff's federal claims and supplemental jurisdiction over plaintiff's state law claims, including the FCRA and whistleblower's retaliation claim under the FWA).

11.     Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's remaining claims.

## IV.   <u>VENUE IS PROPER IN THIS COURT</u>

12.   Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Action was filed in Miami-Dade County, Florida, which is within the Southern District of Florida.

## V.   <u>TIMELINESS OF REMOVAL</u>

13.   Removal is timely under 28 U.S.C. § 1446(b).

14.   As reflected in the returns of service filed in the State Court Action, Defendants were served with the Amended Complaint on February 18, 2026. True and correct copies of the summonses and/or returns of service are attached as Exhibit B.

15.   This Notice of Removal is filed within thirty (30) days of service and is therefore timely.

## VI.   <u>UNANIMOUS CONSENT</u>

16.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served Defendants must consent to removal. Each Defendant consents to removal. Written consents are filed contemporaneously with this Notice of Removal. Accordingly, all properly served defendants have consented to removal. *Martin v. Experian Info. Sols., Inc.,* No. 3:20-CV-531-J-39MCR, 2020 WL 10356238, at *1 (M.D. Fla. Oct. 2, 2020) ("A single defendant satisfies the unanimity rule by filing a notice of

removal 'containing an averment of the other defendants' consent and signed by an attorney of record ....'").

## VII. <u>NOTICE TO ADVERSE PARTY AND STATE COURT; STATE COURT RECORD</u>

17. Promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in accordance with 28 U.S.C. § 1446(d).

18. Pursuant to 28 U.S.C. § 1446(a), Defendants attach the following state court materials:

- Exhibit A – First Amended Complaint and Demand for Jury Trial;

- Exhibit B – Copies of all process, pleadings, and orders served upon Defendants, including Summonses and Returns of Service;

- Exhibit C – State Court Docket Sheet; and

- Exhibit D – Notice of Filing Notice of Removal to be filed in the State Court Action.

## VIII. <u>RESERVATION OF RIGHTS</u>

19. By removing this Action, Defendants do not waive, and expressly preserve, all defenses, objections, immunities, or grounds for dismissal available

under federal or state law, including but not limited to defenses under Rules 12(b)(1)-(6) and any defenses based on immunity or failure to state a claim.

WHEREFORE, Defendants respectfully request that this Court accept jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, permit the removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and grant such other and further relief as the Court deems just and proper.

March 9, 2026.                                Respectfully submitted,

*/s/ Madonna M. Snowden*
Marc A. Sugerman
Florida Bar No. 0081876
Email: msugarman@fordharrison.com
Madonna M. Snowden
Florida Bar No. 124522
Email: msnowden@fordharrison.com
FORDHARRISON, LLP
300 South Orange Avenue
Suite 1300
Orlando, Florida  32801
(407) 418-2313  Telephone

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

> Daniel Jordan Barroukh, Esq.
> Derek Smith Law Group, PLLC
> 520 Brickell Key Drive, Suite O-301
> Miami, Florida 33131
> daniel@dereksmithlaw.com
>
> Jahanshah John Bral, Esq. *(pending Pro Hac Vice)*
> 450 7th Avenue, 30th Floor
> New York, New York  10123
>
> *Attorneys for Plaintiff*

*/s/ Madonna M. Snowden*
Madonna M. Snowden
Florida Bar No. 124522

WSActiveLLP:114991657.2 - 3/9/2026 10:58 AM