**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

STEVEN KAUFMAN,

        Plaintiff,                             CASE NO.: 1:26-cv-21560-LEIBOWITZ

v.

MIAMI-DADE SHERIFF'S OFFICE, and
MIAMI-DADE COUNTY, FLORIDA.

        Defendants.

_____/

## PLAINTIFF'S UNOPPOSED MOTION TO REMAND TO STATE COURT

Plaintiff Steven Kaufman respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action in its entirety to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Defendants' counsel has represented that they do not oppose relief sought herein, remanding to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Pursuant to Federal Rule of Civil Procedures 15(a)(2), Plaintiff filed his Second Amended Complaint, where the only federal cause of action, Count XI, has been removed. As such, this Court is divested of subject-matter jurisdiction by operation of law. Each party will bear their respective fees and costs, including attorneys' fees and costs, incurred in this action.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, on December 31, 2025. Plaintiff filed his Amended Complaint on January 9, 2026, asserting eleven causes of action. Counts I through X arise exclusively under Florida law and Miami-Dade County ordinances. Count XI asserted a claim under 42 U.S.C. § 1983 for First Amendment retaliation against Defendants Villalba and Nuñez in their individual capacities.

Defendants removed this action on March 9, 2026, invoking 28 U.S.C. §§ 1331 and 1441(a), predicated exclusively on Count XI as the sole federal claim. Defendants have filed no Answer, no dispositive motion, and have engaged in no discovery. The case is at its earliest procedural stage. Plaintiff has filed a Second Amended Complaint, removing the federal cause of action, Count XI, and any relevant reference to Count XI.

The Second Amended Complaint is otherwise identical to the First Amended Complaint, absent any federal causes of action or reference to the previously included federal cause of action, and as such, this Court's federal-question jurisdiction is extinguished, and remand is permissible under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

## MEMORANDUM OF LAW

**I.     SUBJECT-MATTER JURISDICTION IS ASSESSED ON THE BASIS OF THE OPERATIVE COMPLAINT.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute, and the presumption is against federal jurisdiction. *Id*. Subject-matter jurisdiction must exist at the time of removal and is continuously assessed by reference to the operative pleading. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) (when a plaintiff amends a complaint following removal, courts look to the amended complaint to determine whether federal jurisdiction remains). Where subject-matter jurisdiction is lacking at any stage before final judgment, remand under 28 U.S.C. § 1447(c) is mandatory. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The removal statute is strictly construed, and all doubts are resolved in favor of remand. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)

2

("[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."). The removing party bears the burden of establishing that federal jurisdiction exists. *University of South Alabama*, 168 F.3d at 411. Once the jurisdictional predicate is removed from the operative complaint, that burden cannot be sustained

## II.     ROYAL CANIN ESTABLISHES THAT PLAINTIFF'S AMENDMENT DIVESTS THIS COURT OF JURISDICTION AND MANDATES REMAND.

The governing authority is direct and dispositive. In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the Supreme Court unanimously held that when a plaintiff amends a complaint post-removal to eliminate the federal claims that formed the basis for removal, the district court loses supplemental jurisdiction over the remaining state-law claims and must remand the case to state court.

The Court's reasoning was grounded in first principles of jurisdiction. Subject-matter jurisdiction, including supplemental jurisdiction under 28 U.S.C. § 1367, is determined by reference to the operative complaint. If the operative complaint contains no federal claim, there is no "civil action of which the district courts have original jurisdiction" within the meaning of 28 U.S.C. § 1367(a). Without original jurisdiction, supplemental jurisdiction over the state-law claims cannot exist, and remand under 28 U.S.C. § 1447(c) is required. *Royal Canin*, 604 U.S. at 25-6 ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.").

The Court in *Royal Canin* also expressly rejected the forum-manipulation argument: "[P]laintiffs can usually forum shop without any resort to amendments," and a plaintiff's desire to litigate in state court is not a cognizable basis to override the jurisdictional mandate of § 1447(c). *Id.*, slip op. at 42 n.9.

The facts here are on all fours with *Royal Canin*. Count XI was the sole federal claim and the exclusive basis for this Court's jurisdiction. Counts I through X are purely state and local claims over which this Court has no original jurisdiction. Plaintiff's Second Amended Complaint eliminates Count XI entirely. Once that amendment is operative, no federal question remains, this Court's jurisdiction ceases to exist, and remand is mandatory.

### III.   THIS COURT'S 28 U.S.C. § 1447(c) REMAND OBLIGATION IS NOT DISCRETIONARY.

The text of 28 U.S.C. § 1447(c) could not be plainer: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Nor may this Court invoke 28 U.S.C. § 1367(c) as an alternative basis for retention. Section 1367(c) authorizes a court to *decline* supplemental jurisdiction over state-law claims in certain circumstances. It does not authorize a court to *retain* jurisdiction it does not possess. Once the operative complaint contains no federal claim, there are no claims over which the Court may exercise supplemental jurisdiction under § 1367(a). Section 1367(c) is simply inapplicable. *Royal Canin*, 604 U.S. at 25 ("What happens if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind? May the federal court still adjudicate the now purely state-law suit? We hold that it may not.").

### IV.   IN THE ALTERNATIVE, THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION AND REMAND.

Even if this Court were to determine, contrary to *Royal Canin*, that some residual discretion remains, remand would still be appropriate under 28 U.S.C. § 1367(c)(2) and (c)(3). A court may decline supplemental jurisdiction where the state-law claims "substantially predominate" over the federal claim, 28 U.S.C. § 1367(c)(2), or where the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

Here, ten of eleven counts, every claim except Count XI, arise under Florida and Miami-Dade County law. These claims present complex and unsettled questions of Florida civil rights law, local whistleblower ordinances, and the Florida Public Records Act that Florida state courts are better positioned to resolve. The Eleventh Circuit has recognized that declining supplemental jurisdiction is the preferred course when federal claims are eliminated before trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

## V.     THIS MOTION IS TIMELY BECAUSE IT IS PREMISED ON LACK OF SUBJECT-MATTER JURISDICTION.

A motion to remand based on a defect in removal procedure must be filed within 30 days of the notice of removal. 28 U.S.C. § 1447(c). However, a motion premised on lack of subject-matter jurisdiction carries no time limitation and may be raised at any time before final judgment. *Id*. This Motion is premised exclusively on this Court's lack of subject-matter jurisdiction following Plaintiff's amendment. As such, the motion is timely.

## CONCLUSION

Plaintiff respectfully requests that this Court grant this Motion and remand this action in its entirety to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2025-025606-CA-01, together with such other and further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)

Undersigned counsel has conferred with counsel for Defendants regarding the relief requested herein, who has advised that Defendants do not oppose the relief sought herein.

Dated:  Miami, Florida
       March 23, 2026

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Dr, Suite O-301
Miami, FL 33131
Tel: (786) 688-2335
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on March 23, 2026, on Madonna M. Snowden of FordHarrison LLP, 300 South Orange Avenue, Suite 1300, Orlando, FL 32801, Email: msnowden@fordharrison.com, and Marc A. Sugerman, FordHarrison LLP, 300 South Orange Avenue, Suite 1300, Orlando, FL 32801, Email: msugerman@fordharrison.com, via CM/ECF, and on Eric A. Rodriguez of Geraldine Bonzon-Keenan, 111 NW 1st Street, Suite 2810, Miami, FL 33128, Email: ear2@miamidade.gov, via electronic mail.

By: /s/ Daniel J. Barroukh
    Daniel J. Barroukh, Esq.

6