**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21560-LEIBOWITZ**

**STEVEN KAUFMAN,**

>      *Plaintiff,*

v.

**MIAMI-DADE SHERIFF'S OFFICE,** *et al.*,

>      *Defendants.*

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion to Remand to State Court ("the Motion") [ECF No. 9].  Defendants removed this action from state court on March 9, 2026, on the basis of federal question jurisdiction.  [*See* ECF No. 1].  On March 23, 2026, Plaintiff filed a second amended complaint ("the Second Amended Complaint").  [ECF No. 8].  Whereas Plaintiff's earlier complaints had asserted federal and state law causes of action, the claims asserted in the Second Amended Complaint arose under state law only.  In *Royal Canin U.S.A., Inc. v. Wullschleger*, the Supreme Court held that the post-removal amendment of a complaint deprives a federal court of jurisdiction where the amendment eliminates the basis for federal subject-matter jurisdiction.  604 U.S. 22, 25–26 (2025) ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims.  The case must therefore return to state court."); *see also* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Motion **[ECF No. 9]** is **GRANTED**.  The *Clerk* is *instructed* to **REMAND** this case to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in the Southern District of Florida on March 24, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record